# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>                     Petitioner,<br><br>        v.<br><br>C. KOENIG,<br><br>                     Respondent. | Case No. 1:18-cv-00876-EPG-HC<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR DOUCMENTS, MOTION FOR VOIR DIRE PROCEEDINGS TRANSCRIPT, MOTION TO EXPAND THE REOCRD, MOTION TO COMPEL DISCOVERY, AND REQUEST FOR SUBPOENA<br><br>(ECF Nos. 21, 28, 29, 30, 31, 32) |

Petitioner David Andrews is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 2, 2021, Respondent filed a motion to dismiss the petition, arguing that Petitioner's challenge to the denial of resentencing under Senate Bill 1437 fails to raise a cognizable federal claim and that claims regarding Petitioner's Madera County Superior Court conviction and trial proceeding are successive and untimely. (ECF No. 22).

Before the Court are Petitioner's motions for various documents, for appointment of counsel, to expand the record and compel discovery, and Petitioner's request for subpoenas. (ECF Nos. 21, 28–32). For the reasons stated herein, Petitioner's motions are denied without prejudice.

///

**A. Motion for Documents**

Pursuant to 28 U.S.C. § 2250, Petitioner has requested "all information and records generated by this Court related to" what appears to be Petitioner's arrest for bank robbery in 1979. (ECF No. 21).

Section 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. The Ninth Circuit has held that "[w]hat, if any, certified copies should be supplied [pursuant to 28 U.S.C. § 2250] rests within the second discretion of the judge." Chessman v. Teets, 239 F.2d 205, 214 (9th Cir. 1956), vacated on other grounds, 354 U.S. 156 (1957). "The person seeking copies must set forth sufficient information to enable a determination of the necessity for the copies" in order for the Court "to determine whether it is necessary to impose such a burden upon the Clerk of a Court of the United States and, if so, to limit the copies to be furnished to those records which are pertinent to the issues presented in the case." Foss v. Martel, No. 2:09-CV-3551-JAM-JFM, 2011 WL 2414512, at *3 (E.D. Cal. June 10, 2011) (internal quotation mark omitted) (quoting United States v. Hoskins, 85 F. Supp. 313 (D. Ky. 1949)).

Here, Petitioner has not set forth sufficient information to enable this Court to determine the necessity for the records related to Petitioner's 1979 arrest for bank robbery. Indeed, on the face of the request, it appears that these records are not pertinent to the issues presently before this Court (*i.e.*, whether Petitioner's challenge to the denial of resentencing under Senate Bill 1437 is cognizable in federal habeas corpus and whether claims regarding Petitioner's Madera County Superior Court trial and conviction are successive and untimely). Accordingly, Petitioner's motion for documents under 28 U.S.C. §2250 will be denied without prejudice. In the event Respondent's motion to dismiss is denied, Petitioner may renew his request.

///

**B. Motion for Voir Dire Transcript**

Pursuant to 28 U.S.C. § 2254(f), Petitioner has requested this Court for an order "directing that the appropriate state official produce the transcript of the voir dire proceedings conducted in the Superior Court of the State of California, County of Madera case no. CR 10031 on July 16, 2002." (ECF No. 28 at 1).[1]

Section 2254(f) provides:

> If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

28 U.S.C. § 2254(f).

Here, Respondent has moved to dismiss the petition as successive, untimely, and for failure to raise a cognizable federal claim. At this particular point in the proceedings, the Court is not addressing the merits of the petition or reviewing the state court's determination of a factual issue. Therefore, § 2254(f) is inapplicable, and the motion for the voir dire transcript will be denied without prejudice. In the event Respondent's motion to dismiss is denied, Petitioner may renew his request.

**C. Motion to Appoint Counsel**

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254. To determine whether to appoint counsel, the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

"court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has moved for appointment of counsel in order for effective discovery to be conducted and for an evidentiary hearing to be held. (ECF No. 29). Here, the Court has neither authorized Petitioner to conduct discovery nor ordered that an evidentiary hearing be held. Further, upon review of the petition and Petitioner's numerous submissions to the Court, the undersigned finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. Accordingly, Petitioner's motion for appointment of counsel will be denied without prejudice.

**D.  Motion to Expand the Record**

Pursuant to Habeas Rule 7, Petitioner moves the Court to expand the record to include, *inter alia*, responses to any written interrogatories by the judge, all trial reporter's transcripts and clerk's transcripts of Petitioner's Madera County Superior Court criminal proceeding, and evidence adduced by discovery. (ECF No. 30). A court entertaining a federal habeas petition "may direct the parties to expand the record by submitting additional materials relating to the petition." Habeas Rule 7(a). The purpose of the rule "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." Habeas Rule 7, advisory committee's note to 1976 adoption.

Here, Respondent has filed a motion to dismiss the petition as successive, untimely, and for failure to raise a cognizable federal claim, and lodged relevant state court records in support of the motion to dismiss. (ECF Nos. 22, 23). Petitioner's response to the motion to dismiss is due on September 24, 2021. At this particular point in the proceedings, the Court does not find that further development of the record is necessary to address the issues raised in Respondent's motion to dismiss. Accordingly, Petitioner's motion to expand the record will be denied without

4

prejudice. In the event Respondent's motion to dismiss is denied, Petitioner may renew his request.

### E. Motion to Compel Discovery and Request for Subpoenas

Petitioner moves the Court for an order permitting Petitioner to conduct discovery and has submitted three subpoena requests. (ECF Nos. 31, 32). Petitioner claims that the "evidence sought disputes Judge Moffat's claimed positions on the state court record that he did not have any recollection of Petitioner." (ECF No. 31 at 3).

Although discovery is available pursuant to Habeas Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course."); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Habeas Rule 6(a). Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If good cause is shown, the extent and scope of discovery is within the Court's discretion. See Habeas Rule 6(a).

In the instant case, Respondent has moved to dismiss the petition because the challenge to the denial of resentencing under Senate Bill 1437 is not cognizable in federal habeas corpus and the claims regarding Petitioner's Madera County Superior Court trial and conviction are successive and untimely. At this particular point in the proceedings, Petitioner has not established that if the facts are fully developed, he may be able to demonstrate that he is entitled to relief. As good cause has not been shown, Petitioner's motion for discovery and request for subpoenas will be denied without prejudice. In the event Respondent's motion to dismiss is denied, Petitioner may renew his request.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for documents (ECF No. 21) is DENIED;
2. Petitioner's motion for voir dire transcript (ECF No. 28) is DENIED;
3. Petitioner's motion for appointment of counsel (ECF No. 29) is DENIED;

4. Petitioner's motion to expand the record (ECF No. 30) is DENIED;

5. Petitioner's motion to compel discovery (ECF No. 31) is DENIED; and

6. Petitioner's request for subpoenas (ECF No. 32) is DENIED.

IT IS SO ORDERED.

Dated: **September 20, 2021**               /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE