UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. KOENIG,<br><br>　　　　　Respondent. | Case No. 1:21-cv-00168-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO EXTEND LIMITAITON PERIOD AS MOOT, GRANT RESPONDENT'S MOTION TO DISMISS, AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 5, 22) |

Petitioner David Andrews is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the petition fails to state a cognizable federal habeas claim and is successive, the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

Petitioner was convicted by a jury in the Madera County Superior Court of second-degree murder. (ECF No. 1 at 3[1]; LD[2] 1). Subsequently, Petitioner filed numerous post-conviction collateral actions challenging his conviction. (LDs 3–22). On January 2, 2019,[3] Petitioner constructively filed a petition for relief pursuant to Senate Bill 1437 in the Madera County

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent on July 2, 2021. (ECF No. 23).
[3] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 22 at 2 n.3).

1

1  Superior Court, which denied the petition on February 13, 2019. (LDs 15, 16). Petitioner then

2  filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate

3  District, which denied the petition on July 26, 2019. (LDs 17, 18). The California Supreme Court

4  denied Petitioner's habeas petitions on February 26, 2020 and May 26, 2021. (LDs 19–22).

5      On February 11, 2021, Petitioner filed the instant petition for writ of habeas corpus

6  challenging the state courts' denial of his petition for relief pursuant to Senate Bill 1437.

7  Petitioner argues that the state court's refusal to appoint counsel and the summary dismissal of

8  his petition without hearing "undermines confidence in the fundamental fairness" of the

9  proceeding. (ECF No. 1 at 7). Petitioner also appears to challenge his underlying conviction on

10 the grounds of judicial misconduct, ineffective assistance of counsel, juror misconduct, false

11 testimony, and violations of due process. (ECF No. 1 at 5, 8–9, 12).

12     On July 2, 2021, Respondent filed a motion to dismiss the petition, arguing that

13 Petitioner's claims regarding denial of resentencing under Senate Bill 1437 are not cognizable in

14 federal habeas corpus and claims regarding trial issues should be dismissed as successive and

15 untimely. (ECF No. 22). On September 23, 2021, Petitioner filed an opposition. (ECF No. 34).

16 **II.**

17 **DISCUSSION**

18 **A.  Cognizability of Claims in Federal Habeas Corpus**

19     By statute, federal courts "shall entertain an application for a writ of habeas corpus in

20 behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

21 is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

22 § 2254(a).

23     Here, Petitioner challenges the state courts' denial of his petition for relief pursuant to

24 Senate Bill 1437, which "amended the Penal Code to modify accomplice liability for murder and

25 the felony murder rule." People v. Gentile, 10 Cal. 5th 830, 841 (2020). "Specifically,

26 Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences

27 doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is

28 not the actual killer, did not act with the intent to kill, or was not a major participant in the

underlying felony who acted with reckless indifference to human life.'" Id. at 842 (citation omitted). "[I]n addition to amending the substantive law of murder, Senate Bill 1437 provided a procedure for defendants with eligible murder convictions to petition to have their convictions vacated through the trial court." Id. at 847. "Under [California Penal Code] section 1170.95, a defendant may petition to have his or her conviction vacated when, among other conditions, the following apply: 'The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder' and '[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'" Gentile, 10 Cal. 5th at 847 (citations omitted).

1. Counsel

Petitioner challenges the denial of resentencing under Senate Bill 1437 on the basis that Petitioner was not appointed counsel for the resentencing proceedings. (ECF No. 1 at 7, 10). Senate Bill 1437 "created a purely statutory right to counsel," People v. Lewis, 11 Cal. 5th 952, 973 (2021), but "[t]here is no [federal] constitutional right to an attorney in state post-conviction proceedings," Coleman v. Thompson, 501 U.S. 722, 752 (1991). "Thus, the trial court's failure to appoint counsel . . . was state law error only," Lewis, 11 Cal. 5th at 973, and "federal habeas corpus relief does not lie for errors of state law," Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Accordingly, Petitioner fails to state a cognizable clam for federal habeas corpus relief.

2. *Prima Facie* Showing and Hearing

Petitioner also appears to challenge the denial of resentencing under Senate Bill 1437 on the basis that the court did not hold a hearing on his resentencing petition. (ECF No. 1 at 7). California Penal Code section 1170.95(c) provides that the court shall "assess whether the petitioner has made 'a prima facie showing' for relief." Lewis, 11 Cal. 5th at 973. "If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing[.]" Id. (citing Cal. Penal Code § 1170.95(d)(1)). Here, the Madera County Superior Court summarily denied Petitioner's petition for resentencing because Petitioner failed to make a *prima facie* showing for relief. (LD

16). This Court must accept the state court's determination that Petitioner failed to make a *prima facie* showing for relief. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." (citation omitted)). Thus, as there was no *prima facie* showing for relief, Petitioner was not entitled to a hearing on his resentencing petition. See Lewis, 11 Cal. 5th at 97; Cal. Penal Code §§ 1170.95(c), (d)(1). Accordingly, Petitioner is not entitled federal habeas relief on this ground.

### B. Unauthorized Second or Successive Petition

To the extent that the petition can be construed as raising claims challenging Petitioner's original criminal trial proceeding rather than the denial of Petitioner's resentencing petition, the Court finds that the petition should be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner includes allegations that appear to challenge Petitioner's underlying conviction of second-degree murder. Petitioner previously sought federal habeas relief in this Court with respect to the same conviction. See Andrews v. Ryan, No. 1:04-cv-05957-REC-DLB (denied on the merits); Andrews v. Scribner, No. 1:07-cv-00226-OWW-WMW (dismissed as successive); Andrews v. Warden, No. 1:10-cv-01379-JLT (dismissed as successive).[4] Therefore, to the extent that the petition can be construed as raising claims challenging Petitioner's underlying conviction, the Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See Davis v. Sullivan, No. 17-73465, 2018 U.S. App. LEXIS 19388, at *1 (9th Cir. July 13, 2018) (holding petition was successive where petitioner was "not challenging an order resolving a resentencing petition but instead [was] seeking to challenge his original judgment of conviction").

As Petitioner has already filed federal petitions for writ of habeas corpus regarding his second-degree murder conviction, he cannot file another petition in this Court regarding the same conviction without first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Although Petitioner has filed an application for leave to file a second or successive petition with the Ninth Circuit, (ECF No. 34 at 3, 16), Petitioner makes no showing that he has obtained *prior* leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

**C. Timeliness of Petition and Extension of Limitation Period**

As the undersigned has determined that the petition should be dismissed for failure to state cognizable federal habeas claims and as an unauthorized successive petition, the Court need

---

[4] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

not address Respondent's other argument in the motion to dismiss that the petition is untimely. Accordingly, Petitioner's motion to extend the limitation period (ECF No. 5) should be denied as moot.

## III.
## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion to extend the limitation period (ECF No. 5) be DENIED as moot;
2. Respondent's motion to dismiss (ECF No. 22) be GRANTED; and
3. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 21, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE