UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. KOENIG,<br><br>　　　　Defendant. | No. 1:21-cv-00168-DAD-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, TERMINING PETITIONER'S MOTION TO CORRECT CLERICAL MISTAKE, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF THE COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 22, 36, 40) |

　　　　Petitioner David Andrews is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On October 21, 2021, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss (Doc. No. 22) be granted and petitioner's application for federal habeas relief (Doc. No. 1) be dismissed for failure to state a cognizable federal habeas claim and as an unauthorized successive petition.  (Doc. No. 36.) Those findings and recommendations were served on petitioner and contained notice that any

objections thereto were to be filed within thirty (30) days of service. (*Id.* at 6.) On December 20, 2021, petitioner filed timely objections and a motion to correct a clerical mistake.[1] (Doc. Nos. 39, 40.) Therein, petitioner does not meaningfully challenge the assigned magistrate judge's conclusion that petitioner's application for federal habeas relief should be dismissed as an unauthorized second or successive petition. Petitioner's repeated argument that he was denied counsel in connection with his § 1170.95 state court petition is similarly unavailing. The California Supreme Court has held that a petitioner is not constitutionally entitled to counsel at the outset of the filing of a § 1170.95 petition unless he has established a *prima face* case for postconviction relief, which as the pending findings and recommendations note, petitioner did not do here at the state court level. (*See* Doc. No. 36 at 3); *see also People v. Lewis*, 11 Cal. 5th 952, 973 (2021).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and by proper legal analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

---

[1] On September 20, 2021, the assigned magistrate judge denied petitioner's numerous discovery and document requests. (Doc. No. 33.) As noted in petitioner's motion to correct a clerical mistake, the caption of the September 20, 2021 order listed the wrong case number. However, the order was correctly docketed in the instant case and there is therefore no risk that the noted clerical error could "potentially exclude the denial of Petitioner's motions from the record," as he has asserted. (Doc. No. 40 at 2.) Accordingly, the noted clerical error was harmless.

1    In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 21, 2021 (Doc. No. 36) are adopted;
2. Respondent's motion to dismiss (Doc. No. 22) is granted;
3. Petitioner's motion to correct a clerical mistake (Doc. No. 39) is denied;
4. The petition for writ of habeas corpus (Doc. No. 1) is denied on the merits;
5. The Clerk of the Court is directed to close this case; and
6. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **July 29, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE